# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> ROGELIO PAYAN, ) <br> Defendant. ) | Case No. 2:16-cr-00246-GMN-NJK <br><br> ORDER |

Pending before the Court is Defendant Rogelio Payan's motion to disclose confidential informants and related information. Docket No. 43. The United States responded to Defendant's motion, and Defendant replied. Docket Nos. 45, 46.

Defendant argues that the identity of the confidential informants, as well as their criminal histories, is relevant and helpful to the defense or essential to a fair trial. *See* Docket No. 43. The United States opposes and, in part, submits with no authority that the confidential informants were not percipient witnesses to the crime because they were not present during the execution of the search warrant where the firearm at issue in the instant case was recovered, despite the fact that the confidential informants were both witnesses to the alleged shooting that constituted probable cause for the issuance of the search warrant. Docket No. 45 at 6; Docket No. 43 at 3-6.

Disclosure of a confidential source is required only where it would be relevant and helpful to the defense or essential to a fair trial. *Rovario v. United States*, 353 U.S. 53, 60–61 (1957). The Court, in weighing Defendant's right to confront the witnesses against him and the government's interests in protecting the informant's identity, must balance three factors: (1) the degree to which the informants were

involved in the criminal activity; (2) how helpful the informants' testimony would be to the defendant; and (3) the government's interest in non-disclosure. *United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir. 1995) (internal quotations and citations omitted). Defendant bears the burden of proof to demonstrate the need for disclosure. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).

The Court finds that issues exist that are not fully addressed by either party in their motions. Accordingly, the Court orders the United States to file a supplemental brief stating its position on the record, with supporting legal authority and factual assertions, for withholding the confidential informants' identities and/or criminal records in light of the arguments made in the instant motion as well as the pending motion to suppress. *See United States v. Ellis*, 121 F.Supp. 927, 943 (N.D.Ca. 2015). This briefing will give the parties the opportunity to address the factors the Court must consider in determining whether the informants' identities should be disclosed. *See Gil*, 58 F.3d at 1421.

The United States is directed to address the following issues in its supplemental briefing:

- What is the factual basis for the United States' concern for the confidential informants' safety if his/her identities and/or criminal histories are disclosed?
- Are the confidential informants percipient witnesses in this case, considering that both were admittedly witnesses to the shooting which established probable cause for the search warrant?
- Did either confidential informant participate in any crime (including the night of the shooting)?
- Does either confidential informant have a criminal history? If so, what is it?
- Does either confidential informant have knowledge of any exculpatory evidence?
- The United States has submitted that it will call neither confidential informant to testify at trial. Nonetheless, will the United States introduce at trial any evidence, including statements, provided by either confidential informant in support of the probable cause affidavit?
- What is the legal authority for limiting Defendant's ability to challenge the probable cause determination by withholding the confidential informants' identity?

*See Ellis*, 121 F.Supp. at 943-944.

The United States shall file its supplemental briefing no later than May 5, 2017. Defendant shall respond no later than May 12, 2017, and the United States may reply no later than May 17, 2017.

IT IS SO ORDERED.

DATED: April 28, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge