# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> ROGELIO PAYAN, ) <br> Defendant. ) | Case No. 2:16-cr-00246-GMN-NJK <br><br> ORDER |

Pending before the Court is Defendant Rogelio Payan's motion to disclose confidential informants and related information. Docket No. 43. The Court has considered Defendant's motion, the United States' response, Defendant's reply, the United States' supplemental brief, the United States' sealed exhibit to its supplemental brief, and Defendant's supplemental brief. Docket Nos. 43, 45, 46, 54, 55, 62.

## **BACKGROUND**

On August 9, 2016, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. The indictment alleges that, on or about December 23, 2015, Defendant, who had been previously convicted of a felony offense, knowingly possessed a firearm. *Id*. On August 22, 2016, Defendant made his initial appearance in this Court and entered a not guilty plea to the charge in the indictment. Docket No. 11.

Defendant seeks an order requiring the United States to disclose the identity (including the name, address, date of birth, telephone number, and social security number) of each of the two confidential informants (CI) used by the United States to obtain a search warrant on December 22, 2015. Docket No.

43 at 1. Defendant further seeks an order requiring the United States to produce "the CIs' files, criminal histories, all reports, memoranda, statements by/concerning the CIs regarding [him], as well [as] any and all police reports and record, whether written or recorded, concerning the CIs' work on other investigations," as well as "all payments to the CIs or on the CIs' behalf." *Id*. at 2.

Defendant submits that the confidential informants gave information to law enforcement regarding a shooting that occurred on December 11, 2015. *Id*. at 3. The CIs both told law enforcement that, while they were riding in a vehicle, Defendant intentionally struck their vehicle with his, and fired several gunshots at them. *Id*. at 3-4. Defendant notes one significant difference in the accounts, as CI #1 stated that CI #2 returned fire when Defendant began shooting, but CI #2 denied returning fire. *Id*. Defendant submits that North Las Vegas Police Department Officer Fellig sought, and obtained, a search warrant for his residence based on the information provided by the CIs. *Id*. at 4-6. On December 23, 2015, when the search warrant was executed, law enforcement recovered, among other things, the Glock handgun whose possession is the basis of the charge against Defendant. *Id*. at 7.

Defendant further submits that

> the CIs' tip is the primary basis for the search warrant application and the only reason the government obtained the gun in this case. Furthermore, the CIs' identities are critical to developing a substantive defense in this case. At least one CI claimed to have repeatedly entered [Defendant's] home where the gun was found, as recently as December 2015 - when the CIs provided the tip and law enforcement executed the warrant. Thus, without the CIs' identities, criminal histories, complete report of the information they provided, reports concerning the CIs' past work for law enforcement, and any payments to, or for, the CIs, [Defendant] is unable to fully present his arguments with respect to his *Franks* challenge or to develop a substantive defense at trial.

*Id*.

Defendant contends that the CIs are "percipient witnesses" to his possession of a handgun and are, therefore, essential to developing his defense. *Id*. at 11. In support of this contention, Defendant notes that both CIs identified him as shooting at them with a dark semi-automatic gun. Id. Further, CI #2 specifically stated that the gun was a Glock and that he/she had seen the black Glock inside Defendant's home during that same time period. *Id*. Defendant submits that CI #2 "could" have planted the gun in the house; "could" have knowledge about the gun and how it came to be in the location where it was recovered by police. *Id*. at 11-12. Therefore, Defendant contends that the disclosures he has requested regarding the CIs are "necessary to pursue multiple theories of defense." *Id*. at 12.

Finally, Defendant submits that the United States may claim that it does not request the information he has asked the Court to order disclosed. *Id*. In that instance, Defendant asks the Court to issue a Rule 17(c) subpoena ordering the North Las Vegas Police Department to produce the information. *Id*. Defendant submits that the information is relevant for him to fully present his *Franks* motion and to establish trial defenses. *Id*.

In response, the United States relies upon its privilege to withhold the identity of confidential informants who furnish information to law enforcement regarding violations of law. Docket No. 45 at 4. The United States notes that, while the privilege is not absolute, Defendant must show a need for the information in order to obtain disclosure. *Id*. at 5. Here, the United States submits, Defendant has failed to do so. *Id*.

The United States submits that neither CI is a percipient witness to the crime charged in the indictment - possession of a firearm on December 23, 2015. *Id*. at 6. Further, the United States does not anticipate calling either CI to testify at trial. *Id*. The United States submits that CI #1 provided the initial tip to law enforcement that Defendant was involved in a shooting on December 1, 2015. *Id*. CI #2, the United States submits, provided "corroborating information" regarding Defendant's involvement in the shooting. *Id*. The United States contends that this level of involvement does not meet the threshold to require disclosure of the information Defendant requests. *Id*.

Additionally, the United States submits that Defendant has failed to raise a defense that would warrant disclosure of the requested information. *Id*. at 7. The United States submits that Defendant has merely speculated about information that the CIs "could" provide and the potential defenses that "could" be raised, and has therefore failed to show that the requested information would help him establish a defense at trial. *Id*. The United States contends that it has a strong and legitimate interest in protecting the identity of the CIs that is not outweighed by Defendant's speculation. *Id*. Finally, the United States submits that Defendant has failed to make a sufficient showing to support issuance of a Rule 17(c) subpoena. *Id*. at 8-9.

In reply, Defendant submits that both CIs are percipient witnesses, as they gave information that led to the issuance of the search warrant. Docket No. 46 at 2. Further, CI #2 told law enforcement that he/she had been inside Defendant's residence at least ten times, and had seen a black Glock and other

firearms inside the residence. *Id*. at 2-3. As a result, Defendant contends, the CIs are percipient witnesses to his "alleged firearm possession." *Id*. at 3. Further, Defendant submits that the requested information about the CIs is necessary for him to pursue a number of defenses during trial, including "(1) challenging actual or constructive possession of the Glock; (2) exploring whether CI #2 planted the firearm during one of [his or her] many times inside the home; and (3) determining whether CI #1 and/or CI #2 have knowledge about the firearm and how it got to the location where it was found." *Id*. Defendant submits that he "cannot investigate and pursue these theories of defense" without the requested information. *Id*.

Additionally, Defendant submits that he needs the information for his *Franks* motion. *Id*. As the search warrant affidavit contains information given to law enforcement from the CIs, Defendant submits that the requested information is "critical" for him to fully present his Franks claim. *Id*. at 4.

Alternatively, Defendant submits that the Court should issue a Rule 17(c) subpoena. *Id*. at 7. Defendant contends that he has met his burden of showing good cause for the production of the documents he requests. *Id*.

After the briefing was complete, the Court ordered supplemental briefing from both parties. Docket No. 49. The Court found that certain issues exist in the briefing that were not fully addressed by either party. *Id*. at 2. There fore, the Court gave the parties the opportunity to address the factors that the Court must consider in making its decision. *Id*. The Court set out certain issues that the United States was directed to address, and allowed a response on those issues from Defendant, as well as a reply from the United States. *Id*. at 2-3.

In its supplemental briefing, the United States submits that its interest in protecting the identities of the CIs is significant, as disclosure of the requested information would "potentially put them in serious physical danger in terms of harassment and retaliation." Docket No. 54 at 8. In support of this proposition, the United States points out the shooting of December 11, 2015, as well as the CIs' knowledge of Defendant's gang affiliation, propensity for violence, and the fact that Defendant is on pretrial release. *Id*. at 8-9. The United States submits, under seal, the criminal history of each CI. Docket No. 55. The United States contends that even redacted disclosure of the criminal histories would reveal the CIs' identities. Docket No. 54 at 9-10. Further, the United States submits that neither CI is known by law enforcement to have participated in any additional crime "during the relevant period beyond what was

reported in the search warrant affidavit and is reflected in their criminal histories." *Id*. at 10. The United States additionally submits that it "confirmed with law enforcement that neither CI has knowledge of any exculpatory evidence, both as it relates to December 11, 2015 and December 23, 2015." *Id*.

The United States further submits that, in order to obtain disclosure of the requested information for *Franks* arguments, Defendant must show a connection between the CIs' identities and/or criminal histories and the *Franks* analysis. *Id*. at 2. Here, the United States points out, Defendant alleges in his *Franks* motion that the affiant "failed to inform the court of the CIs' criminal histories, he failed to provide sufficient information regarding the purported shooting, he misrepresented police follow-up of the shooting[,] he misrepresented whether police believed the CIs' information was credible, and he misrepresented that probable [cause] existed to support the warrant." *Id*. at 2-3. The United States therefore submits that Defendant's *Franks* arguments "take issue" with the affiant, and not the CIs and that Defendant therefore has failed to establish that the probable cause determination relies upon disclosure of the CIs' identities. *Id*. at 3. The United States contends that Defendant presents only "supposition and conjecture" regarding his Franks argument and, therefore, has not met the requirements even for an *ex parte in camera* hearing regarding the CIs' identities. *Id*. at 5.

The United States further submits that Defendant's request for the information regarding the CIs in order to present a defense at trial is not ripe given the pending motion to suppress. *Id*. In any event, the United States submits, disclosure of the requested information is unnecessary, as neither CI was a percipient witness to the crime charged in the indictment. *Id*. at 5-7. Further, the United States submits that it does not intend to call either CI as a witness at trial in its case-in-chief, nor does it intend to introduce any evidence related to either CI in its case-in-chief. *Id*. at 10-11. The United States submits that Defendant's proffered defense that CI #2 could have planted the gun recovered in his residence is too attenuated to constitute an essential defense. *Id*. at 7. In further support of its argument that the proffered defense is not meritorious, the United States submits that the firearm was recovered in Defendant's bedroom in his residence while he was present, and his DNA was found on the magazine in the firearm. *Id*.

In his supplemental response, Defendant submits that the search warrant affiant omitted any mention of the CIs' criminal histories in the search warrant affidavit. Docket No. 62 at 2. Further,

Defendant submits that the fact that one CI had a probation violation for using narcotics at the time he/she provided the tip to law enforcement, and the fact that this information was omitted from the search warrant affidavit, negates the credibility and reliability of the CI. *Id*. Defendant further submits that his pretrial release on conditions, as well as the fact that one of the CIs is currently incarcerated, undercuts the United States' argument regarding the risk of danger to the CIs. *Id*. at 3.

Defendant submits that the United States admits that the CIs are percipient witnesses to the December 11, 2015, shooting, and that that shooting established probable cause for the search warrant for his residence. *Id*. at 4. Therefore, Defendant submits, the CIs are witnesses to the unlawful possession of the firearm. *Id*. Defendant points out that he is challenging the warrant and submits that, in order to determine if the warrant contains *Franks* violations, the information he is requesting must be disclosed. *Id*. Further, Defendant submits that he seeks disclosure to pursue a "number" of trial defenses, including the possibility that "one or both" CIs planted the gun in his residence, or knows who did plant it. *Id*. at 4-5.

Defendant further submits that the United States' argument that his DNA is on the magazine found in the firearm is a red herring. *Id*. at 6. Defendant contends that the lab report on the magazine indicates a finding of DNA from at least three individuals, at least one of whom is male. *Id*. Further, Defendant submits that the lab report on the firearm indicates a finding of DNA from at least four individuals, at least one of whom is male. *Id*. Defendant contends that the lab report does not identify him as one of the DNA contributors on the firearm and, therefore, does not preclude his defenses at trial. *Id*.

Defendant submits with no authority that, since the United States "neglected to inform the Court that one of the Cis was facing a probation violation for using narcotics at the time [he/she] provided the tip" about the shooting, this Court "should order production of the CIs' full criminal histories, and the other items of information sought, to the defense." *Id*. at 7. Defendant further submits that he has significant concerns about the United States' representation that it confirmed with law enforcement that neither CI has exculpatory information, as he submits that the officers who investigated the instant case committed Franks violations and "cannot be expected to distinguish ... exculpatory evidence from other types of evidence." *Id*. at 8. Additionally, Defendant asserts that one CI is "in custody for multiple felonies," and therefore, it is unlikely that law enforcement spoke to that CI. *Id*.

Defendant notes that the United States has submitted it will not call either CI as a witness or introduce any CI statements in the affidavit in its case-in-chief. *Id*. Nonetheless, Defendant find it "hard to imagine" how the United States will present its theory of prosecution without presenting the warrant. *Id*. Further, Defendant challenges the United States' assertion that he would want to preclude the testimony of the CIs at trial. *Id*. Instead, Defendant submits that both CIs "may" have information about how the firearm came to be located in his residence, as CI #2 had been in his residence and "presumably" had numerous opportunities to plant the firearm, and CI #1 saw CI #2 shoot at Defendant on December 11, 2015. *Id*. Defendant therefore submits that the CIs' testimony is not totally inculpatory, and that disclosure of the requested information is necessary so that he can "investigate and determine the value of their potential testimony." *Id*. at 9.

Defendant submits that, as he believes he knows the CIs' identities and at least part of their criminal histories, an *ex parte in camera* hearing must be held. *Id*. at 10. Defendant submits that he has made the required minimal showing that disclosure would be relevant to his defense. *Id*. at 11-12.

The United States did not file a supplemental reply. *See* Docket. The Court held a bifurcated *ex parte in camera* hearing on August 7, 2017, and on August 11, 2017. Docket Nos. 75, 77. Prior to the hearing, the Court allowed Defendant to submit questions for the officers, which the Court agreed to consider asking. Docket No. 71 at 2. Defendant submitted a list of questions prior to the hearing. Docket No. 74. During the hearing, the Court heard the testimony of Officers Forsberg, Fellig, and Ochoa and, among other questions, asked the questions submitted by Defendant that the Court deemed appropriate. Docket Nos. 75, 77.

## **ANALYSIS**

Disclosure of a confidential source is required only where it would be relevant and helpful to the defense or essential to a fair trial. *Rovario v. United States*, 353 U.S. 53, 60–61 (1957). The *Rovario* test requires the court to balance the government's interest in protecting the source of information, the public's interest in protecting the flow of information, and the defendant's right to prepare his or her defense. *See United States v. Whitney*, 633 F .2d 902, 911 (9th Cir. 1980) (citing *Rovario*, 353 U.S. at 62). In weighing these interests, the court should consider "the crime charged, the possible defenses, the possible significance of the defendant's testimony, and other relevant factors." *Rovario*, 353 U.S. at 62. Where the

informant's identity is "relevant and helpful" to the defense or is "essential to a fair determination of the case," the government's privilege to withhold that information must give way. *Id*. (citing *Rovario*, 353 U.S. at 60–61). Defendant bears the burden of proof to demonstrate the need for disclosure. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).

To obtain disclosure, therefore, Defendant must show a need for the information and must show more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to his defense or that will be essential to a fair trial. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001). "Balancing the defendant's and the government's interest, a district court must hold an *in camera* hearing whenever the defendant makes a minimal threshold showing that disclosure would be relevant to at least one defense." *Id*. (internal citations and quotations omitted).

To gain access to an informant's identity, the defendant must articulate facts showing that "in an actual trial of a federal criminal case," the informant can provide information "relevant and helpful to the defense of an accused" or "essential to a fair determination of [a] cause"—especially where the informant is an active participant or witness to the charged offense. *Roviaro*, 353 U.S. at 60–61. Disclosure of an informant's identity is proper when there is "more than a 'mere suspicion' of the value" of the informant's information. *United States v. Amador–Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (quoting *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990)).

Should the Court conclude that disclosure of the informant's identity might be necessary, the Court must balance several factors, including, but not limited to: (1) the crime charged; (2) possible defenses; and (3) the possible significance of the informant's testimony. *Roviaro*, 353 U.S. at 62; *United States v. Si Keung Wong*, 886 F.2d 252, 255–56 (9th Cir. 1989). This assessment requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. Other "relevant factors" include consideration of the informant's safety following disclosure. *Wong*, 886 F.2d at 256.

Here, Defendant is charged with one count of felon in possession of a firearm that was recovered in his residence. The information provided by the CIs was used, in part, establish probable cause for a search warrant for Defendant's residence. The Court finds that Defendant has not met his burden. The Court finds that the motion and supplemental filings do not establish that disclosure of the CIs' identities

would be relevant to at least one defense. The only specific defense Defendant identifies constitutes nothing more than mere suspicion, that "CI #2 *could* have planted the gun" in Defendant's residence. Docket No. 43 at 11 (emphasis added). *See also* Docket No. 62 at 8 (CI #2 "presumably had numerous opportunities to plant the gun"). Further, Defendant contends that disclosure of the CIs' identities and criminal histories is "necessary for [him] to investigate and determine the value of their potential testimony." Docket No. 62 at 9. "Our cases do not permit [Defendant] to go on a fishing expedition into the informant's background because 'a mere suspicion that the information will prove helpful will not suffice' to demonstrate a need for disclosure." *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006) (internal citation omitted). *See also United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989) ("mere suspicion that information will prove helpful is insufficient to require disclosure"). The Court therefore finds that Defendant's conclusory assertions fail to meet the burden of establishing that the CIs' identities are relevant and helpful to any specific defense or essential to a fair determination of the case.

Additionally, the Court had the opportunity to question three different law enforcement officers during the *ex parte in camera* hearing. Docket Nos. 75, 77. Each officer testified in detail regarding specific concern for the safety of each CI if the information requested was disclosed. The Court is convinced that the concern for the safety of the CIs is real, and that disclosure would almost certainly place each CI in significant personal danger.

Further, the United States has represented that it does not intend to call either CI as a witness at trial. The CIs are not percipient witnesses to the crime charged in the indictment. *See United States v. Forest*, 2013 WL 1145113, at *5 (D.Nev. 2013). The information given by the CIs was used to establish probable cause for the search warrant that was executed at Defendant's residence. Neither CI was present during the execution of the search warrant, or was involved in the crime charged in the indictment. The Ninth Circuit has held that there is no right to disclosure where the informant is relevant only to probable cause to search. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). *See also United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006) (involvement of informant in securing wiretap insufficient to compel disclosure of informant's identity); *United States v. Whitney*, 633 F.2d 902, 911 (9th Cir. 1980) (disclosure not warranted where charge predicated on heroin found in camera seized from the defendant and not on informant's observations of drug transactions); *Johnson*, 886 F.2d at 1122 (disclosure not

9

warranted where defendant not charged based on transaction with informant).

Based on all of the information presented, the Court finds that Defendant has failed to adequately demonstrate that the CIs have information that will prove "relevant and helpful" to his defense or that will be essential to a fair trial. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001). Additionally, the Court finds that the danger to the CIs resulting from disclosure is significant, and that they are not percipient witnesses to the crime charged in the indictment. Further, the United States has affirmatively represented that it does not intend to call either CI to testify at trial. Defendant has not presented more than mere suspicion that CI #2 could potentially help his defense, which is insufficient to meet his burden.[1]

Accordingly, Defendant's motion to disclose confidential informants and related information, Docket No. 43, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: August 15, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] As the Court finds that Defendant has failed to meet his burden for disclosure, the Court need not reach Defendant's request for a Rule 17(c) subpoena for disclosure documents not possessed by the United States. Docket No. 43 at 12-13.