**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROGELIO PAYAN, )<br>)<br>Defendant. )<br>) | Case No.: 2:16-cr-246-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Order and Report and Recommendation, (ECF No. 79), entered by the Honorable Magistrate Judge Nancy J. Koppe on August 15, 2017, denying Defendant Rogelio Payan's ("Defendant's") request for a *Franks* hearing and Motion to Suppress, (ECF No. 42). Defendant filed his Objection, (ECF No. 84), to which the Government filed a Response, (ECF No. 88).

**I.    BACKGROUND**

The instant Motion arises from an Application and Affidavit for a search warrant ("Affidavit") of Defendant's residence filed by North Las Vegas Police Officer D. Fellig ("Fellig") on December 22, 2015 and the search warrant issued. (*See* Aff. for Search Warrant at 5, Ex. B to Mot. to Suppress, ECF No. 42-1). As detailed thoroughly in Judge Koppe's Order and Report and Recommendation, the Affidavit provides "substantial detail surrounding the investigation, including information given to law enforcement by two confidential informants." (Order and R. & R. 1:21–5:9, ECF No. 79).

After reviewing the Affidavit, North Las Vegas Township Justice of the Peace Kalani Hoo issued a search warrant for Defendant's residence that included a nighttime search clause. (*Id.* at 16–18). Police executed the warrant on December 23, 2015. (*See also* Follow-Up Report at 18, Ex. D to Mot. to Suppress, ECF No. 42-2). The executing officers used bearcats in front

of the residence, deployed a Def-Tec 25 distraction device in the front yard of the residence, and played several pre-recorded announcements from a Long Range Acoustic Device to announce their presence. (*See* Information Report at 29, Ex. F to Mot. to Suppress, ECF No. 42-2). Subsequently, the AMOR unit used robots to gain entry to home and safely clear the residence. (*Id*.). No individuals were harmed as a result of this search. (*Id*.). After the search was completed, the officers seized a Glock handgun from Defendant's residence. (*See* Mot. to Suppress 7:9, ECF No. 42); (*see also* Search Warrant Follow-Up Report at 21–24, Ex. E to Mot. to Suppress, ECF No. 42-2).

On August 9, 2016, a federal grand jury sitting in the District of Nevada issued an Indictment charging Defendant with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). In his Motion to Suppress, Defendant seeks to suppress "the evidence seized through a December 22, 2015[,] search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), including a Glock 21.45 caliber handgun and [Defendant's] statements." (Mot. to Suppress 1:21–23, ECF No. 42). Defendant alleges that a *Franks* hearing is proper because "Fellig deliberately or recklessly included misstatements or omissions in the warrant's [A]ffidavit, and a redacted or supplemented affidavit would not support establish [sic] probable cause." (*Id*. 14:5–14, 16:5–7). In the combined Order and Report and Recommendation, Judge Koppe ordered that the request for a *Franks* hearing is denied and recommended denial of Defendant's Motion to Suppress. (Order and R. & R. 14:1–6). Consequently, Defendant filed an Objection, to both Judge Koppe's Order and Recommendation. (*See* Obj. 13:15, 13:22–24, ECF No. 84).

## II. LEGAL STANDARD

### A. Objection to Magistrate Judge's Order

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. §

636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Objection to Magistrate Judge's Findings and Recommendations

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

In the instant filing, Defendant objects to Judge Koppe's Order denying Defendant's request for a *Franks* hearing. Additionally, Defendant objects to Judge Koppe's

recommendation that his Motion to Suppress be denied.[1]  The Court will address each objection in turn.

### A. Objection to Order Denying *Franks* Hearing

Judge Koppe's Order denying Defendant's request for a *Franks* hearing should only be set aside if it is clearly erroneous or contrary to law. LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  Here, Defendant agrees that Judge Koppe "cited the correct standard" in the Order by referring to the five requirements that a defendant must satisfy before he is entitled to a *Franks* hearing:

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause.

*United States v. Perdomo*, 800 F.2d 916, 920 (9th Cir. 1986) (quoting *United States v. DiCesare*, 765 F.2d 890, 894-895 (9th Cir. 1985)); (*see* Obj. 4:18–20, ECF No. 84).  However, Defendant claims that the "Magistrate Judge applied the wrong legal standard [of clear proof] to the third requirement." (Obj. 5:18).  Defendant argues that he was only required to make a "substantial showing that supports a finding of intent or recklessness." (*Id*. 6:20–21).

The Court disagrees that Judge Koppe applied an incorrect legal standard.  Judge Koppe's Order states that "[a]lthough '[c]lear proof of deliberate or reckless omission *is not*

---

[1] In a footnote, Defendant objects to two additional Orders, (ECF Nos. 71, 78), without providing any argument or legal basis.  The Government "submits that this does not constitute a proper objection to either order and therefore should not be considered by the Court." (Resp. 2:10–11, ECF No. 88).  The Court agrees that placing an objection in a footnote without any further argument is improper. *See* LCR 47-3; *see also* LR IB 3-1. "A judge is the impartial umpire of legal battles, not a [party's] attorney.  He is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments . . . [T]o the extent that [Defendant] failed to develop any additional argument[s] or provide any legal support for them, [it] has waived them." *Couturier v. Am. Invsco Corp.*, No. 2:12-CV-01104-APG, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) (quoting *Williams v. Eastside Lumberyard & Supply Co*., 190 F.Supp.2d 1104, 1114 (S.D.Ill.2001)).  Because Defendant has not developed any argument in support of his objections to Judge Koppe's Orders, (ECF No. 71, 78), the Court will not address these objections.

*required*,' a '[d]efendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reason for omitting facts in order to prove a deliberate falsehood or reckless disregard.'" (Order and R. & R. 8:5–9, ECF No. 79) (quoting *United States v. Souffront*, 338 F.3d 809, 822-23 (7th Cir. 2003)) (emphasis added). Further, Judge Koppe found that "Defendant has not made a *substantial preliminary showing* that the omissions and/or misstatements were deliberately or recklessly made" and that he "fails to make a detailed offer of proof to accompany his allegations." (*Id*. 8:24–26) (emphasis added). Judge Koppe's Order is not contrary to law because she did not fail to apply or misapply the correct legal standard. *See UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

Additionally, "[a] finding is clearly erroneous if it is illogical, implausible, or without support in the record." *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010)). Judge Koppe's Order provides detailed explanation and reasoning for why Defendant has not met the necessary requirements for a *Franks* hearing. Defendant fails to argue how the Order was implausible. Based on the proof provided by Defendant, it is not illogical for Judge Koppe to have found that "Defendant has not made a substantial preliminary showing that the [A]ffidavit contains material misleading omissions and/or misstatements that, if included or deleted, would have negated probable cause" for the search warrant. (Order and R. & R. 11:14–17). Therefore, the Court is not persuaded that a mistake was made. Accordingly, the Court finds that Judge Koppe's Order denying Defendant's request for a *Franks* hearing was not contrary to law or clearly erroneous. Defendant's Objection to Judge Koppe's Order is overruled.

**B. Objection to Recommendation that the Motion to Suppress Should Be Denied**

Defendant objects to Judge Koppe's Report and Recommendation that the Motion to Suppress be denied on the basis that "[t]he affidavit in this case plainly does not meet the standard for a nighttime search." (Obj.12:14). Defendant claims that a nighttime search is

justified only by exigent circumstances citing to *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011) and *United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981). (*See Id*. 11:21–12:13); (*see also* Mot. to Suppress 14:21–24, ECF No. 42). Defendant argues that "[t]he Magistrate Judge erred in rejecting Defendant's argument that a nighttime clause can be approved only for exigent circumstances." (*Id*. 11:20–21) (citation omitted).

The Court agrees with Judge Koppe that Defendant's argument that a nighttime clause is only permissible for exigent circumstances fails based on the plain language of Federal Rule of Criminal Procedure 41(e)(2)(A)(ii) ("Rule 41").[2] As explained by Judge Koppe: "the case that Defendant cites for that proposition cites the rule as requiring reasonable cause for a nighttime clause and states that the rule 'has been interpreted to require both specific authorization for an intrusive nighttime search, and that sufficient facts in the affidavit must support' the magistrate judge's authorization." (Order and R. & R. 13:12–16) (citing *Stefanson*, 648 F.2d at 1237); *see Bravo*, 665 F.3d at 1086 (explaining that it was "extremely doubtful that an issuing judge would simply have issued the warrant or authorized nighttime service without more information."). Therefore, it is proper to issue a nighttime search for good cause. Indeed, in this case, there was good cause. The Affidavit explains that a nighttime search should be authorized because Defendant's residence is less than half a mile away from an elementary school and the affiant feared that children would be utilizing the school's property during winter break. (*See* Aff. for Search Warrant at 14, Ex. B to Mot. to Suppress, ECF No. 42-1). Because the nighttime search was justified, Defendant's objection necessarily fails.

Additionally, Defendant argues that suppression is warranted because the "search was exceedingly abrasive." (Obj. 13:1). The Government responds that Defendant's argument is incomplete because he has not argued that there was "prejudice or evidence of intentional and

---

2 A search warrant must command the law enforcement officer to "execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time[.]" Fed. R. Crim. P. 41(e)(2)(A)(ii).

deliberate disregard of a provision in the Rule." (Resp. 4:18–20).  The Ninth Circuit has stated that, unless a clear constitutional violation occurs, failure to comply with Rule 41 "requires suppression of evidence only where, (1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981) (internal citation and quotation marks omitted). *See also United States v. Ritter*, 752 F.2d 435, 441 (9th Cir. 1985) ("the settled rule in the Ninth Circuit is that a purely technical violation of Rule 41 does not require the suppression of evidence otherwise legally obtained.").

Here, Defendant does not identify which portion of Rule 41 has allegedly been violated and does not established prejudice.  Defendant does not argue that the search would not have occurred or would have been less abrasive if conducted during the daytime, nor could he, given the fact that the search was executed during the daytime. (*See* Mot. to Suppress 15:19–20). Moreover, the record does not contain any assertion that the application for the search warrant was made to the Justice of the Peace in deliberate disregard of Rule 41, nor does Defendant argue that the search would have been less abrasive if a federal magistrate had issued the warrant. *See United States v. Melotte*, 95 F.R.D. 380, 382 (D. Nev. 1982).  Pursuant to Judge Koppe's Order, probable cause exists for the search warrant and the search was valid. (*Id*. 13:23–24); *See Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996) ("'[a]bsent a showing of prejudice, irregularities in these procedures do not void an otherwise valid search.'") (quoting *United States v. McKenzie*, 446 F.2d 949, 954 (6th Cir.1971)).

Having reviewed the record in this case *de novo*, the Court agrees with the analysis and findings of Judge Koppe in her Report and Recommendation to deny the Motion to Suppress and incorporates them by reference in this order.  Accordingly, Defendant's Objection (ECF No. 84) is overruled.  The Court accepts and adopts Judge Koppe's Report and

Recommendation (ECF No. 79) to the extent that it is not inconsistent with this opinion and denies Defendant's Motion to Suppress (ECF No. 42).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Objection to Judge Koppe's Order, (ECF No. 84), is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 79), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, (ECF No. 42), is **DENIED**.

**DATED** this __27__ day of December, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court