1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. 2:16-cr-00246-GMN-NJK |
| vs. | ) ) | ORDER |
| ROGELIO PAYAN, | ) ) | (Docket No. 93) |
| Defendant. | ) ) | |

15      Pending before the Court is Defendant Rogelio Payan's motion to unseal Magistrate Judge's *ex*

16  *parte* hearings and government exhibits.  Docket No. 93.  The Court has considered Defendant's motion,

17  the United States' response, and Defendant's reply.  Docket Nos. 93, 98, 99.

18                                  **BACKGROUND**

19      On August 9, 2016, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging

20  Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code,

21  Sections 922(g)(1) and 924(a)(2).  Docket No. 1.  The indictment alleges that, on or about December 23,

22  2015, Defendant, who had been previously convicted of a felony offense, knowingly possessed a firearm.

23  *Id*.  On August 22, 2016, Defendant made his initial appearance in this Court and entered a not guilty plea

24  to the charge in the indictment.  Docket No. 11.

25      On April 5, 2017, Defendant filed a motion to disclose confidential informants and related

26  information.  Docket No. 43.  Defendant sought an order requiring the United States to disclose the

27  identity (including the name, address, date of birth, telephone number, and social security number) of each

28  of the two confidential informants (CI) used by the United States to obtain a search warrant for his

residence on December 22, 2015.  *Id*. at 1.  Defendant asked the Court to order the United States to produce "the CIs' files, criminal histories, all reports, memoranda, statements by/concerning the CIs regarding [him], as well [as] any and all police reports and record, whether written or recorded, concerning the CIs' work on other investigations," as well as "all payments to the CIs or on the CIs' behalf." *Id*. at 2.

After Defendant's motion was fully briefed, the Court ordered supplemental briefing from both Defendant and the United States.  Docket No. 49.  The Court found that certain issues exist in the briefing that were not fully addressed by either party. *Id*. at 2.  Therefore, the Court gave the parties the opportunity to address the factors that the Court must consider in making its decision.  *Id*.  The Court set out certain issues that the United States was directed to address, and allowed a response on those issues from Defendant, as well as a reply from the United States.  *Id*. at 2-3.  The United States filed a supplemental brief, and Defendant filed a supplemental response.  See Docket Nos. 54, 55, 62.[1]  The United States did not file a supplemental reply. *See* Docket.

The Court held a bifurcated *ex parte in camera* hearing on August 7, 2017, and on August 11, 2017.  Docket Nos. 75, 77.  Prior to the hearing, the Court allowed Defendant to submit questions for the officers, which the Court agreed to consider asking.  Docket No. 71 at 2.  Defendant submitted a list of questions prior to the hearing.  Docket No. 74.  During the hearing, the Court heard the testimony of Officers Forsberg, Fellig, and Ochoa and, among other questions, asked the questions submitted by Defendant that the Court deemed appropriate.  Docket Nos. 75, 77.

On August 15, 2017, the Court denied Defendant's motion to disclose confidential informants and related information.  Docket No. 78.  The Court found that Defendant's conclusory assertions regarding the CIs and their potential testimony failed to "meet the burden of establishing that the CIs' identities are relevant and helpful to any specific defense or essential to a fair determination of the case." *Id*. at 9.  The Court further found that, after questioning three separate law enforcement officers, it was "convinced that the concern for the safety of the CIs is real, and that disclosure would almost certainly place each CI in

---

[1]Notably, in his supplemental response, Defendant argued that the Court was required to hold an *ex parte in camera* hearing to determine if he was entitled to an open evidentiary hearing.  Docket No. 62 at 10.

significant personal danger." *Id*. Further, the Court noted that the United States had represented that it did not intend to call either CI as a witness at trial, that the CIs are not percipient witnesses to the crime charged in the indictment, that the information given by the CIs as used to establish probable cause for the search warrant that was executed at Defendant's residence, and that neither CI was present during the execution of the search warrant or was involved in the crime charged in the indictment. *Id*. The Court therefore found that Defendant had failed to meet his burden for disclosure of the CIs' identities. *Id*. at 10.

On September 19, 2017, Defendant objected to the Court's report and recommendation regarding his motion to suppress evidence. Docket No. 84. In that objection, Defendant included a footnote wherein he stated, *in toto*, "Mr. Payan also objects to the Magistrate Judge's orders denying his access to the CI hearings on August 7th and 11th[] (ECF No. 71)[,] and denying his motion regarding production of the CI-related information[] (ECF No. 78)." *Id*. at 3, n. 1. The United States submitted that Defendant's footnote did not constitute a proper objection to either of the Court's orders, and therefore asked that it not be considered. Docket No. 88 at 2. On December 27, 2017, Chief United States District Judge Gloria M. Navarro noted that Defendant's footnote failed to provide any argument or legal basis. Docket No. 91 at 4, n. 1. Chief Judge Navarro held that, because Defendant did not develop any argument in support of his objections to the orders at Docket Nos. 71 and 78, the Court would not address those objections. *Id*. Chief Judge Navarro also overruled Defendant's objection to the undersigned's report and recommendation, and denied his motion to suppress evidence. *Id*. at 8.

Defendant has now filed the instant motion, which asks the Court to unseal the hearings conducted on August 7, 2017, and August 11, 2017, as well as the related government exhibits. *See* Docket No. 93. Defendant submits that unsealing the hearings and related exhibits will "allow defense counsel to examine the record to determine whether [Defendant] should plead guilty" in the instant case. *Id*. at 1. Defendant further reiterates his objections to the Court's denial of his request for a *Franks* hearing and motion to suppress, *id*. at 5-6; however, he submits that he "does not wish to rehash" the arguments he made previously in both his motion to suppress and objections to the report and recommendation. *Id*. at 7. Defendant submits that the Court's orders to deny his request for *Franks* hearing and to disclose confidential informants and report and recommendation to deny his motion to suppress are "premised on

3

facts gathered" by the Court at *ex parte* sealed hearings and in sealed exhibits provided *ex parte* to the Court. *Id*. at 5. As a result, Defendant submits, he asks the Court to unseal the hearings and exhibits, so that his attorney can review the record to properly advise him how to proceed in the instant case. *Id*. If a concern exists as to the names of the CIs, Defendant submits, the Court can either order the United States to redact their names or issue a protective order allowing only counsel to have access to the unsealed items. *Id*. at 7.

In response, the United States submits that Defendant's motion is essentially an untimely motion for reconsideration of the Court's order denying his motion to disclose confidential informants and, as such, should be denied. Docket No. 98 at 1. The United States further submits that disclosure of a confidential source is required only where it would be "relevant and helpful to the defense or essential to a fair trial." *Id*. at 2 (citing *Rovario v. United States*, 353 U.S. 53, 60-61 (1957)). The United States notes that the Court, in its order denying Defendant's motion to disclose confidential informants, applied the *Rovario* test and determined that Defendant failed to meet his burden of showing that disclosure was relevant and helpful to the defense or essential to a fair trial. Docket No. 98 at 2. The United States further rebuts Defendant's contention that the Court did not address why he was not entitled to disclosure for his *Franks* argument, submitting instead that the Court specifically addressed this issue. *Id*. at 2-3. Finally, the United States submits that Defendant provides "no legal authority to support his argument that disclosure is warranted in order to evaluate whether he should or should not plead guilty to the charge in the criminal indictment." *Id*. at 3. The United States therefore asks the Court to deny Defendant's motion. *Id*.

In reply, Defendant submits that his motion is not an untimely motion for reconsideration of the Court's prior order. Docket No. 99 at 2. In support of this contention, Defendant submits that no deadline exists for filing a motion for reconsideration. *Id*. Further, Defendant submits that this motion is different from his previous motion, in that, instead of the information on the confidential informants to present his *Franks* arguments, he now seeks disclosure so his counsel can advise him how to proceed in the instant case. *Id*. at 2-3. Additionally, Defendant submits that he is not asking for disclosure of the CIs' identities despite the fact that he believes he has provided "sufficient identifying information" in prior motions. *Id*. at 3. Rather, Defendant submits, the United States may redact identifying information or the Court may

4

issue a protective order prohibiting counsel from disclosing the identities to him. *Id*. Finally, Defendant submits that he did, in fact, provide legal authority in support of his request to disclose the information sought with appropriate protective measures. *Id*. at 2.

## ANALYSIS

### A. Motion to Reconsider

While Defendant's initial motion to disclose asked for disclosure of the CIs' identities, it also sought a great deal of other information related to the CIs. *See* Docket No. 43. Defendant sought an order requiring the United States to disclose the identity (including the name, address, date of birth, telephone number, and social security number) of each of the two confidential informants (CI) used by the United States to obtain a search warrant for his residence on December 22, 2015. *Id*. at 1. Defendant asked the Court to order the United States to produce "the CIs' files, criminal histories, all reports, memoranda, statements by/concerning the CIs regarding [him], as well [as] any and all police reports and record, whether written or recorded, concerning the CIs' work on other investigations," as well as "all payments to the CIs or on the CIs' behalf." *Id*. at 2.

Defendant's motion to disclose was not only fully briefed, but the parties were allowed to file supplemental briefing as well. *See* Docket Nos. 43, 45, 46, 49, 54, 55, 62. In his supplemental response, Defendant affirmatively asked the Court to conduct an *ex parte in camera* hearing to determine if he was entitled to an open evidentiary hearing. Docket No. 62 at 10. Pursuant to Defendant's request, and applicable caselaw, the Court set an *ex parte in camera* hearing.[2] Docket No. 71. The Court ordered that the United States and the three relevant North Las Vegas Police Officers would be present at the hearing, but that neither Defendant nor his attorney would be present. *Id*. at 1 (citing *United States v. Cerna*, 2009 WL 2998929, at *14 (N.D. Cal. Sept. 16, 2009) ("A defendant and his or her attorneys may be excluded from such a hearing, to protect the informant's identity")). The Court allowed Defendant to submit a list of proposed questions to the Court, which the Court would consider, and possibly ask, during the hearing. Docket No. 71 at 2. *See also* Docket No. 74 (Defendant's proposed questions).

---

[2]The hearing took place on two separate days, due to officer availability issues. *See* Docket Nos. 72, 73, 75, 77.

The Court, having considered the full briefing on Defendant's motion to disclose, as well as the testimony during the hearing, issued an order on August 15, 2017, denying Defendant's motion to disclose. Docket No. 78. The Court engaged in the *Rovario* balancing test and found, *inter alia*, that Defendant had failed to meet his burden of showing that disclosure would be relevant and helpful to the defense or essential to a fair trial. *Id*. at 8. The Court found that the conclusory assertions Defendant raised regarding the one specific defense he identified failed to meet his burden. *Id*. at 9. Further, the Court was convinced, after questioning the law enforcement officers, that the United States' concern for their safety was real, and that disclosure would almost certainly place each of them in significant personal danger. *Id*.

Defendant now asks the Court again for disclosure of information regarding the CIs. Although Defendant submits that he now requests the information for a different purpose than before, he still requests essentially the same information that the Court previously denied. Accordingly, Defendant asks for reconsideration of the Court's prior order.

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Defendant's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. The fact that

Defendant now requests the same information for a slightly different purpose does not change the Court's prior determination.

Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Therefore, if viewed as a motion to reconsider, Defendant's motion fails.

## B. Motion to Unseal

Defendant submits that his motion is not a motion to reconsider the Court's prior decision denying his motion to disclose. Therefore, the Court will decide Defendant's motion solely as a motion to unseal.

Defendant asks the Court to unseal the *ex parte* hearing that he requested, yet he cites no authority applicable to the unsealing of this type of hearing. Instead, Defendant asks the Court, without supporting authority, to ignore its prior determination that he had not met his burden under *Rovario* because he now submits that he wants the information for a different purpose than the one he previously submitted. Chief Judge Navarro has previously ruled, in this very case, that a Court does not address undeveloped arguments. "'A judge is the impartial umpire of legal battles, not a [party's] attorney. He is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments . . . [T]o the extent that [Defendant] failed to develop any additional argument[s] or provide any legal support for them, [it] has waived them.'" Docket No. 91 at 4 n. 1 (citing *Couturier v. Am. Invsco Corp.*, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D.Ill. 2001)). *See also* LCR 47-3.

Nonetheless, the Court conducted its own research on the issue. Though the Court found much caselaw that dealt with the granting of this type of hearing under the circumstance where a defendant moved to disclose information about confidential informants, the Court found no cases regarding unsealing the hearing once it was conducted.

The purpose of the *ex parte in camera* hearing, like the one conducted by the Court in the instant case, is clear.

> The *in camera* procedure provides an equally-acceptable accommodation of the competing interests of the Government and the accused in the situation presented here, wherein the question is whether a law enforcement officer has lied. Through disclosure of the

7

informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of necessary secrecy, yet the defendant can be saved from what could be serious police misconduct.

*United States v. Kiser*, 716 F.2d 1268, 1273 (9th Cir. 1983). Nothing in any of the caselaw indicates that the information presented in this hearing is ever intended to be unsealed so that it can be disclosed to the defense.

Further, the informant privilege "identified in *Roviaro* protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant." *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (citing *Rovario*, 353 U.S. at 59-60). As information disclosed in the hearing tends to identify the CIs, it should not be unsealed pursuant to *Napier*.

Although *United States v. Felix*, 2015 WL 1090521 (N.D. Cal. Mar. 12, 2015), aff'd, 663 F. App'x 557 (9th Cir. 2016), does not involve the type of hearing in the instant case, it does involve sealed documents relating to a confidential informant that Defendant wanted unsealed, as well as any documents submitted *ex parte* that related to the informant's immunity agreement. In *Felix*, Defendant argued "that all sealed court documents and transcripts related to the informant should be unsealed for purposes of appeal, on the ground that the court denied defendant's suppression motion based on the government's sealed submissions." 2015 WL 1090521, at *3. The *Felix* Court held that "the continued need to protect the informant's safety presents a compelling interest that would be harmed if the sealed documents were made public, and there are no alternatives to closure that would adequately protect that compelling interest." *Id*. Therefore, the *Felix* Court denied Defendant's motion.

Here, Defendant has argued that certain protections can be taken, but has presented no authority that demonstrates that the proceedings in a *Rovario* hearing can or should be unsealed, and it appears that no such authority exists. Instead, Defendant asks the Court, without supporting authority, to ignore its prior determination that he had not met his burden under *Rovario* because he now submits that he wants the information for a different purpose than the one he previously submitted. Defendant's argument is undeveloped and lacks authority. Further, the caselaw that exists indicates that the hearing and its supporting exhibits are to remain sealed.

. . . .

## CONCLUSION

For the reasons stated above, whether the Court views Defendant's motion as a motion for reconsideration or a motion to unseal, it fails. Accordingly, Defendant's motion to unseal, Docket No. 93, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: February 7, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge